IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 4:96cr56-RH/CAS

OSVALDO FRANCISCO GONZALEZ,

    Defendant.

_____/

ORDER DENYING THE UNTIMELY § 2255 MOTION
AND THE MOTION TO SET A PAYMENT SCHEDULE
UNDER THE INMATE FINANCIAL RESPONSIBILITY ACT

Pending are challenges to a judgment of conviction and sentence entered many years ago. The challenges are procedurally and substantively unfounded. This order denies relief.

I

In 1998, a jury convicted the defendant Osvaldo Francisco Gonzalez of conspiracy to possess with intent to distribute cocaine and cocaine base. His sentence included 30 years in the Bureau of Prisons, a term of supervised release, and a $1,000,000 fine, payable immediately. On direct appeal, Mr. Gonzalez

unsuccessfully challenged the conviction and sentence, including the fine. The United States Court of Appeals for the Eleventh Circuit affirmed.

Mr. Gonzalez next challenged the conviction and sentence under 28 U.S.C. § 2255. An error in the term of supervised release was corrected, but other relief was denied. Judgment on the § 2255 motion was entered in 2004. Mr. Gonzalez filed a notice of appeal. In 2005, the Eleventh Circuit issued its mandate dismissing the appeal on the ground that Mr. Gonzalez had not obtained, and was not entitled to, a certificate of appealability.

More recently, Mr. Gonzalez challenged his sentence, including the fine, through additional motions. One motion sought relief under Federal Rule of Criminal Procedure 35(b). The Eleventh Circuit upheld the denial of that motion, noting that Mr. Gonzalez was not entitled to relief under Rule 35(b) and could not seek relief under § 2255 unless he first obtained authorization from the Eleventh Circuit to file a second or successive § 2255 motion. *See United States v. Gonzalez*, 515 F. App'x 794, at 794 n.1 (11th Cir. 2013) (unpublished opinion). That Eleventh Circuit opinion is included in this record. ECF No. 817.

Another motion sought an order modifying the amount of payments collected by the Bureau of Prisons under the Inmate Financial Responsibility Act. That motion was denied on September 21, 2012. ECF No. 807.

Mr. Gonzalez now has filed two more motions.

II

The first pending motion seeks relief under § 2255 on two grounds: failure to submit the issue of drug amount to the jury, and ineffective assistance of counsel in connection with the drug-amount issue. The motion is unfounded both procedurally and on the merits.

The motion is procedurally unfounded on two grounds. First, the motion is plainly barred by the one-year statute of limitations. Second, the motion is a second or successive § 2255 motion, as the Eleventh Circuit ruled in the last appeal. A defendant may file a second or successive § 2255 motion only with advance authorization from the court of appeals.

The motion also is unfounded on the merits. At the time of the trial, the law of the circuit was that drug amount was a sentencing factor not properly submitted to the jury. This later changed, *see, e.g.*, *Apprendi v. New Jersey*, 530 U.S. 466 (2000), but *Apprendi* and its progeny are not retroactively applicable to cases on collateral review. *See, e.g.*, *McCoy v. United States*, 266 F.3d 1245, 1256-58 (11th Cir. 2001). Mr. Gonzalez's attorney did not render ineffective assistance by failing to anticipate this change in the law.

III

Mr. Gonzalez's second pending motion seeks relief from the fine. The fine was properly imposed, as the Eleventh Circuit held on direct appeal. As set out in

response to an earlier motion to remit the fine, a district court has no authority to reduce a fine, with exceptions not applicable here. *See* Order of August 11, 2008, ECF No. 771, at 2 (citing 18 U.S.C. § 3573).

Mr. Gonzalez takes issue with the payment schedule established by the Bureau of Prisons, but that payment schedule is part of the Inmate Financial Responsibility Program; the payment schedule is not part of the judgment. The judgment required payment of the fine immediately. When the court imposes a fine and makes it payable immediately, the fine is payable immediately. The Bureau of Prisons may set a schedule for an inmate's required payments toward the unpaid obligation—not as part of the judgment, but to require the inmate to comply with the judgment to the extent of the inmate's ability while the inmate is in the Bureau's custody. *See, e.g.*, *United States v. Ellis*, 522 F.3d 737, 738 (7th Cir. 2008); *Bramson v. Winn,* 136 F. App'x 380, 381 (1st Cir. 2005); *Matheny v. Morrison,* 307 F.3d 709, 712 (8th Cir.2002); *McGhee v. Clark,* 166 F.3d 884, 886 (7th Cir.1999).

IV

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v.*

*Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

*Slack*, 529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Mr. Gonzalez has not made the required showing. This order thus denies a certificate of appealability.

V

For these reasons,

1. Mr. Gonzalez's motion under 28 U.S.C. § 2255, ECF No. 821, is dismissed for lack of jurisdiction. The clerk must enter a judgment so providing.

2. Mr. Gonzalez's "petition to assign fine payment amount," ECF No. 820, in effect a motion to set a schedule for payment of his fine, is DENIED.

SO ORDERED on April 10, 2014.

s/Robert L. Hinkle  
United States District Judge